UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

RAMON OROZCO,

    Petitioner,

V.

FRANCISCO QUINTANA, Warden,

    Respondent.

Civil Action No. 5: 16-465-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Inmate Ramon Orozco has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and has paid the filing fee. [R. 1, 3]. As an initial matter, the Court notes that Orozco has named the United States of America as the respondent in this proceeding, but the correct respondent is the warden of the facility where the petitioner is confined. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Because Orozco was confined at the Federal Medical Center-Lexington in Lexington, Kentucky at the time he filed his petition, the Court will substitute Francisco Quintana, Warden of the Federal Medical Center, as the respondent in this proceeding.

The Court conducts an initial review of Orozco's petition. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). For the reasons set forth below, the Court must deny relief.

**I.**

In 2012, pursuant to a plea agreement with the United States, Orozco pled guilty to count three of an eight-count second superseding indictment, charging him with conspiracy to possess with intent to distribute heroin in violation of 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(A). *United States v. Orozco*, 4:11-cr-96-Y-18 (N.D. Tex. 2011). Orozco agreed to a specific sentence of 245

months under Federal Rule of Criminal Procedure 11(c)(1)(C), substantially limiting his possible prison sentence. As part of his plea agreement, Orozco expressly waived his right to appeal from either his conviction or his sentence, as well as "his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255." *Id*. at R. 1651, p. 5. Orozco further waived "his right to seek any future reduction in his sentence (*e.g.*, based on a change in sentencing guidelines or statutory law)." However, Orozco reserved the right "(a) to bring a direct appeal of a sentence exceeding the statutory maximum punishment that is applicable at the time of his initial sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, or (c) to bring a claim of ineffective assistance of counsel that influence the voluntariness of the plea or waiver." *Id*.

The Pre-Sentence Investigation Report ("PSR") posited a guideline range of life in prison based on Orozco's criminal-history category and total offense level. At sentencing, the trial court accepted the Rule 11 plea agreement and sentenced Orozco to a term of 245 months of imprisonment, which was within the statutory range of 10 years to life and a downward departure from the life sentence provided for by the guidelines. Orozco did not file a direct appeal. Although Orozco has filed multiple motions seeking relief under 28 U.S.C. § 2255, as well as a motion seeking relief pursuant to 18 U.S.C. § 3582, those motions have all been denied. *United States v. Orozco*, 4:11-cr-96-Y-18 (N.D. Tex. 2011).

Orozco has now filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court, arguing that, in light of *Descamps v. United States*, 133 S.Ct. 2276 (2013), *Mathis v. United States*, __ U.S. __, 136 S. Ct. 2243 (2016) and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), his prior conviction for delivery of a controlled substance is no longer a viable predicate offense for purposes of his classification as a career offender pursuant to § 4B1.1 of the United

2

States Sentencing Guidelines. Orozco invokes the "savings clause" provision of 28 U.S.C. § 2255(e) to contend that he may assert this claim in a § 2241 petition. However, for multiple reasons, Orozco's petition will be denied.

**II.**

First, Orozco is barred from collaterally attacking his conviction or sentence pursuant to the waiver provision found in his plea agreement. In that agreement, Orozco expressly and unequivocally waived his right to either appeal his conviction or sentence or to collaterally attack either of them in any post-conviction proceeding, including proceedings under § 2241. Such waivers are enforceable in habeas proceedings under § 2241, and preclude the assertion of the very arguments Orozco pursues here. The Sixth Circuit has recently addressed the validity of a similar waiver in a plea agreement that specifically forbid a defendant from challenging his sentence under "28 U.S.C. § 2255 and/or 2241, and or 18 U.S.C. § 3582(c)" and found that, per the plain terms of the plea agreement, the defendant waived his right to challenge his sentence under § 3582. *United States v. Clardy*, 877 F.3d 228, 230 (6th Cir. 2017)(rejecting the defendant's argument that this provision was ambiguous, finding that "the provision's intent is too clear to ignore."). *See also Solis-Caceres v. Sepanek*, No. 13-21-HRW, 2013 WL 4017119, at *3 (E.D. Ky. Aug. 6, 2013) (collecting cases).

Although Orozco retained the right to bring a direct appeal of a sentence exceeding the statutory maximum punishment, to challenge the voluntariness of his plea of guilty or his waiver, or to bring a claim of ineffective assistance of counsel that influenced the voluntariness of his plea or waiver, none of these circumstances apply here. Rather, Orozco clearly and unequivocally waived the right to collaterally attack his sentence via a motion for relief pursuant to 28 U.S.C. § 2241. This waiver alone is grounds for dismissal of Orozco's petition.

However, even putting aside the waiver, Orozco may not pursue his claims in this proceeding. A federal prisoner generally may not use a § 2241 petition to challenge the enhancement of his sentence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). A § 2241 petition may typically only be used as a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). A federal prisoner who instead wishes to challenge the legality of his conviction or sentence must file a motion under § 2255. *Peterman*, 249 F.3d at 461 (explaining the distinction between a § 2255 motion and a § 2241 petition). A habeas corpus petition pursuant to 28 U.S.C. § 2241 may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). A motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241 is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review ..."). In other words, prisoners cannot use a habeas petition under § 2241 as yet another "bite at the apple." *Hernandez*, 16 F. App'x at 360.

The decidedly narrow scope of relief under § 2241 applies with particular force to challenges not to convictions, but to the sentence imposed. *Peterman*, 249 F.3d at 462; *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("The savings clause of section 2255(e) does not apply to sentencing claims."). In *Hill v. Masters*, 836 F. 3d 591 (6th Cir. 2016), the Sixth Circuit articulated a very narrow exception to this general rule, permitting a challenge to a sentence to be asserted in a § 2241 petition, but only where (1) the petitioner's sentence was imposed when the Sentencing Guidelines were mandatory before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his or her federal sentence no longer qualified as a valid predicate offense. *Hill*, 836 F. 3d at 599-600.

Orozco does not satisfy the first criteria in *Hill* because he was sentenced in 2013, long after *Booker* was decided. In addition, although he attempts to rely on the Supreme Court's decision in *Mathis*, for a claim based upon a recently-issued Supreme Court decision interpreting a statute to be cognizable in a § 2241 petition, the holding must be retroactively applicable to cases on collateral review. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012). The Supreme Court in *Mathis* made abundantly clear that its holding was required by decades-old precedent and hence did not announce any new rule, *Mathis*, 136 S. Ct. at 2257, and the Sixth Circuit has expressly so held. *In re: Conzelmann*, 2017 WL 4159184 (6th Cir. 2017). Therefore *Mathis*, and the Fifth Circuit's decision in *Hinkle* which is based upon it, do not assist Orozco.

Orozco's reliance on *Descamps* is also unavailing. *Descamps* addresses the approach courts should use to determine whether a prior conviction constitutes a violent felony for purposes

5

of the Armed Career Criminal Act ("ACCA"). However, Orozco's sentence was not the result of an ACCA enhancement. Rather, his sentence was the result of sentencing court's acceptance of the 245-month sentence that Orozco agreed to in his plea agreement pursuant to Federal Rule of Criminal Procedure 11 (c)(1)(C). Even so, as explained by the sentencing court in its order denying Orozco's motion for relief under 28 U.S.C. § 2255,

> Orozco's total adjusted offense level under U.S.S.G. § 2D1.1 was 45, but the guidelines set a maximum offense level of 43, so that number was reduced accordingly. (PSR at ¶138). Given Orozco's high offense level, his guideline range was life in prison even if he had zero criminal history points. *See* U.S.S.G. Ch. 5, Pt. A. Therefore, even though the PSR classified Orozco as a career offender, his adjusted offense level remained the same because the offense level under § 2D1.1 was greater than the offense level of 37 for a career offender. (PSR at ¶135). *In other words, Orozco was the rare defendant whose career-offender status and criminal history category had no impact on his guidelines range.* As a result, any error in calculating Orozco's criminal history did not prejudice him. Moreover, Orozco ultimately received a below-guidelines sentence of 245 months in accordance with the terms of his plea agreement. As stated, this sentence constituted a downward departure from the life sentence recommended under the guidelines.

*United States v. Orozco*, 4:11-cr-96-Y-18 (N.D. Tex. 2011) at R. 24, p. 9-10 (emphasis added). Thus, Orozco's status as a Career Offender under § 4B1.1 did not impact his sentencing guidelines range. Regardless, Orozco was not sentenced to the life sentence recommended by the guidelines, but was instead sentenced to 245 months pursuant to his agreement with the government.

Moreover, both *Descamps* and *Mathis* relate solely to the *process* by which a district court evaluates prior offenses to determine if they qualify as predicates; these cases did not involve interpretation of the substantive reach of a statute such that a defendant might find himself convicted of conduct that the law does not criminalize. *Bousley v. United States*, 523 U.S. 614, 620-21 (1998) (citing *Davis v. United States*, 417 U.S. 333, 346 (1974)). Orozco fails to offer any explanation of how *Descamps* and *Mathis* represent intervening changes in the law that establish

6

that his sentence was improperly enhanced, nor could he, because, as explained above, Orozco's status as a Career Offender under the guidelines did not impact his sentence

Finally, Orozco also claims that his predicate offenses of assault with a deadly weapon and assault of a family member are "disqualified" by the United States Supreme Court's decision in *Johnson v. United States*, 559 U.S. 133, 140 (2010). However, *Johnson* is not applicable here. In *Johnson*, the Supreme Court held that the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague, and that imposing an increased sentence under that clause violates the Constitution's guarantee of due process guaranteed under the Fifth Amendment of the U.S. Constitution. *Johnson*, 135 S. Ct. at 2563. Here, Orozco alleges that he was determined to be a career offender pursuant to §§ 4B1.1 of the United States Sentencing Guidelines because of his prior felony convictions, including delivery of a controlled substance and assault with a dangerous weapon. [R. 1-1 at p. 2]. He does not allege that he was sentenced under the ACCA, which was the specific statutory scheme addressed in *Johnson*. Thus, *Johnson* does not apply to him. Indeed, in *Beckles v. United States*, 137 S.Ct. 886 (2017), the United States Supreme Court held that the Sentencing Guidelines are not subject to a due process vagueness challenge, rendering them immune from the very type of *Johnson* claim Orozco attempts to assert against his sentence here.

For all of these reasons, Orozco's petition must be denied. Accordingly, **IT IS ORDERED** that:

1. Warden Francisco Quintana is **SUBSTITUTED** for the United States of America as the respondent in this proceeding.

2. Orozco's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

Dated January 4, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY